# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAWN CHAPPEL,                                    Case No. 1:22-cv-747
      Plaintiff,

                                   Dlott, J.
      vs.                                       Litkovitz, M.J.

ADAMS COUNTY CHILDREN'S
SERVICES, et al.,                                **REPORT AND**
      Defendants.                             **RECOMMENDATION**


Plaintiff, a resident of Winchester, Ohio, has filed a pro se civil complaint against the

Adams County Children's Services and caseworker Ashlee Moore. (Doc. 1). By separate

Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine

whether the complaint or any portion of it should be dismissed because it is frivolous, malicious,

fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant

who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C.

§ 1915(e)(2)(B).

## Screening of Complaint

### A.    Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

1

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## B.    Plaintiff's complaint and attachments thereto

Attached to plaintiff's complaint are documents from the Adams County juvenile court concerning dependency proceedings involving plaintiff's minor son and daughter, which the Court has considered in reviewing plaintiff's complaint.[1]   Plaintiff alleges that two Adams

---

[1] Pursuant to Federal Rule of Civil Procedure 10, the exhibits are considered a part of the complaint "for all purposes." *See* Fed. R. Civ. P. 10(c).   *See Fishman v. Williams*, No. CV 14-4823, 2016 WL 11484591, at *7 (C.D. Cal. Sept. 21, 2016) ("When screening a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached thereto."); *Johnson v. Buffalo Pub. Schools: Adult Educ. Div.*, No. 19-CV-1484, 2021 WL 9455714, at *3 (W.D.N.Y. Jan. 7, 2021) ("The Court deems the attachments and exhibits attached to Johnson's Complaint part of the pleading and considers them, to the extent they are relevant, in its screening decision.").   However, the Court declines to comb through the record to raise new claims or make legal arguments for plaintiff.  *Cf. Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("Furthermore, although this court has discretion to more broadly review the record on appeal, we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it.").

County Children's Services caseworkers visited her home on October 12, 2022, looking for an individual who did not reside at plaintiff's home.   Defendant Adams County Children's Services caseworker Ashlee Moore, who did not participate in the October 12, 2022 visit, allegedly testified at a juvenile court proceeding that the individual sought was hiding in plaintiff's home; there were known drug users in the home; the home was dirty; and plaintiff would not permit the agency workers to enter her home.   The agency made a subsequent visit on October 17, 2022, but plaintiff was not at home.   The agency then sent plaintiff a "letter of noncompliance," which plaintiff states was never delivered to her address.   Defendant Moore also testified that she attempted another visit on October 28, 2022, but plaintiff had no knowledge of this visit.   Plaintiff alleges that defendant Moore gave false testimony at the November 8, 2022 juvenile court hearing for purposes of obtaining a court order to enter plaintiff's home and remove plaintiff's children.   Defendant Moore also testified that plaintiff's minor son was a dependent child.   She requested protective supervision over plaintiff's children and an order for plaintiff and her son's father "to comply."   The juvenile court granted both requests.

On November 14, 2022, defendant Moore visited plaintiff's home and showed plaintiff a juvenile court order authorizing her to enter the home.   Defendant Moore declared the house was a mess and plaintiff needed to find alternative living arrangements for the children until the house was cleaned.   Plaintiff admits the "house was a disaster," but states she had it cleaned before the day was over.   Defendant Moore also requested plaintiff take a urine screen but plaintiff refused.   Plaintiff was given the option of a mouth swab and agreed.   Plaintiff ended up taking both a urine screen and mouth swab test, and both tested positive for drugs.

Plaintiff denied using drugs and questioned the accuracy of the tests, alleging they were not FDA approved. Plaintiff's children were subsequently placed in foster care. Plaintiff alleges two days later she received a summons notifying her that a complaint alleging her children were dependent had been filed against her. (Doc. 1 at PAGEID 15-16).

On November 23, 2022, the juvenile court held an adjudication hearing at which plaintiff, represented by counsel, was present. The juvenile court magistrate's decision indicates that on the day of the hearing, both plaintiff and her son's father tested positive for illegal substances. The court determined by clear and convincing evidence that plaintiff's daughter and son were dependent children. (Doc. 1 at PAGEID 17-19).

Plaintiff alleges that defendant Moore gave false testimony "with [the] intent to obtain protective custody of [her] children and intent to obtain a court order to search our home." (Doc. 1 at PAGEID 7). Plaintiff alleges that defendant Moore violated her Fourth Amendment rights by taking photos inside her home and making plaintiff take a drug test. She further alleges that defendant Moore violated her Fourteenth Amendment rights "by seizing our children without due process." (*Id.*). Plaintiff states that defendant Moore coerced plaintiff into signing an unnecessary safety plan because a protective order had already been granted the previous week. As relief, plaintiff seeks $50,000 in compensatory damages; $100,000 in punitive damages; and reversal of the magistrate's "orders on the grounds that there was no immediate threat to the safety of [her] children." (*Id.*).

### C. Resolution

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

The *Rooker-Feldman* doctrine implicates the subject matter jurisdiction of this Court to consider plaintiff's claims. *See Durham v. Haslam*, 528 F. App'x 559, 565 (6th Cir. 2013) ("[T]he *Rooker-Feldman* doctrine concerns the subject-matter jurisdiction of the district court . . . and 'federal courts have a duty to consider their subject matter jurisdiction in regard to every case. . . .'") (citing *In re Squire*, 617 F.3d 461, 465 (6th Cir. 2010) and quoting *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)).

The *Rooker-Feldman* doctrine "precludes 'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments.'" *Skyway Inv. Corp. v. Tushman*, 541 F. App'x 536, 538 (6th Cir. 2013) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The doctrine is "confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Subject matter jurisdiction is lacking under the *Rooker-Feldman* doctrine if: (1) the plaintiff is "the losing party in state court," *id.* (quoting *Skinner v. Switzer*, 562 U.S. 521, 531 (2011)); (2) the plaintiff is asking the district court to "'review and reject [ ]' those judgments, which were 'rendered before the district court proceedings commenced,'" *id.* (quoting *Exxon Mobil Corp.*, 544 U.S. at 284); and (3) the plaintiff's "injuries were 'caused[ ]' by the state-court judgment at issue." *Id.* (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). "The pertinent inquiry . . . is whether the 'source of the injury' upon which [the] plaintiff bases his federal claim is the state court judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment." *Id.* (alteration in original) (quoting *Kovacic v. Cuyahoga Cnty. Dep't of Child. and Fam. Servs.*, 606

6

F.3d 301, 309 (6th Cir. 2010)) (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)).

To the extent plaintiff seeks an order from this Court "reversing" the juvenile court magistrate's order temporarily removing plaintiff's children from her custody, the injury plaintiff complains about is premised on the Adams County juvenile court's decision itself. The source of the injury alleged (i.e., the deprivation of plaintiff's children) flows directly from the decision of the Adams County juvenile court to remove plaintiff's children from her custody. As such, the *Rooker-Feldman* doctrine is a bar to this Court's subject matter jurisdiction over this claim. *Tushman*, 541 F. App'x at 538.

To the extent the juvenile court proceedings are ongoing, this Court is precluded from adjudicating plaintiff's claims under the abstention doctrine formulated in *Younger v. Harris,* 401 U.S. 37 (1971). Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Id*. Under *Younger*, the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 46, 53,

54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. First, it appears the dependency case is currently pending in the Adams County juvenile court. (Doc. 1 at PAGEID 11-12). *See Huffman*, 420 U.S. at 608; *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003); *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990). Second, the dependency case implicates the important state interests in child custody and parental rights. *See Meyers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) (*Younger* abstention case stating that "cases out of the Supreme Court and this Court make it clear that abstention is generally appropriate in matters of family relations such as child custody"). *See also Younger*, 401 U.S. at 43-45. Third, there is no allegation that the state juvenile court proceedings cannot provide an opportunity for plaintiff to raise any constitutional claims in connection with the dependency proceedings. *See Furr-Barry v. Underwood*, 59 F. App'x 796, 797 (6th Cir. 2003) (affirming the application of *Younger* where a case was pending in a Tennessee juvenile court, because "there was no evidence that the state court proceedings did not provide an opportunity for [the plaintiff] to raise her constitutional claims[ ]"). Therefore, abstention under *Younger* is appropriate.

Nor has plaintiff alleged facts showing the existence of extraordinary circumstances barring the application of *Younger* abstention. For the reasons stated above, the Court concludes that adherence to the *Younger* abstention doctrine is required in this case.

In the alternative, the complaint fails to state a claim for relief against defendant Adams County Children's Services and defendant Moore. The Adams County Children's Services is not a proper defendant. Whether a county agency may be sued is governed by the law of the

8

state in which the district court is held. *See* Fed. R. Civ. P. 17(b). Under Ohio law, neither a county nor its department of job and family services is an entity capable of being sued. *Lowe v. Hamilton Cnty. Dep't of Job & Fam. Servs.*, No. 1:05-cv-117, 2008 WL 816669, at *2 (S.D. Ohio Mar. 26, 2008) (citing *McGuire v. Ameritech Servs., Inc.*, 253 F. Supp. 2d 988, 1015 (S.D. Ohio 2003)). Thus, Adams County Children's Services is not *sui juris* and is not a proper defendant in this case. Nor does plaintiff identify a specific policy or practice that would serve as the basis for an entity liability claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (An entity may be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. . . ."). Plaintiff fails to identify a policy or custom of the agency or county that allegedly resulted in constitutional injury. Accordingly, plaintiff's claims against Adams County Children's Services should be dismissed.

As it pertains to the Fourteenth Amendment, plaintiff's due process claims appear to contain both substantive and procedural components. The complaint fails to state a substantive due process claim against defendant Moore, which is premised on Moore's alleged deprivation of plaintiff's parental rights. In a case directly on point, the plaintiff (a parent) filed suit against a county child services case worker after losing custody of her children, and the Sixth Circuit held:

> [C]ounty caseworkers cannot be held liable for a juvenile court's decision to deprive a parent of custody "[b]ecause Ohio law refers custody decisions to the juvenile court, which has independent authority to conduct hearings and collect evidence." *Teets v. Cuyahoga Cty.*, 460 F. App'x 498, 502 (6th Cir. 2012) (citing *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 729 (6th Cir. 2011)). "[E]ven intentional misrepresentations by a social worker during an investigation leading up to Ohio custody proceedings do not violate the parent's substantive due process rights because *the social worker has*

9

*no independent ability to institute the alleged deprivation*." *Id.* Thus, when "the [plaintiff] seek[s] to hold [county caseworkers] accountable for subsequent criminal or juvenile court actions, that argument also fails." *Id.*

*Arsan v. Keller*, 784 F. App'x 900, 910 (6th Cir. 2019) (emphasis added).

In the instant case, defendant Moore had "no independent ability" to grant Adams County Children's Services temporary custody of plaintiff's minor children. *Id.* Rather, that decision rested with the Adams County juvenile court. Plaintiff's Fourteenth Amendment substantive due process claims should be dismissed.

Plaintiff also alleges a procedural due process claim against defendant Moore. Plaintiff alleges that the juvenile court hearing resulting in the deprivation of her parental rights was unfair because defendant Moore testified falsely. *Id.* at 910-11. In *Arsan*, the Sixth Circuit held:

> When an aggrieved parent sues county caseworkers for their conduct during child custody proceedings culminating in the deprivation of custody by the juvenile court, however, responsibility for procedural deficiencies lies with the juvenile court, not the caseworkers. *Pittman*, 640 F.3d at 730. *When caseworkers give testimony or otherwise participate as legal advocates in custody hearings, quasi-prosecutorial immunity shields them from liability. Id.* at 724. This immunity, which is absolute and applies in the same way as prosecutorial immunity, shields caseworkers from damages even when they knowingly make false or defamatory statements, *id.* at 725, or when their conduct is "unquestionably illegal or improper," [*Cady v. Arenac Cnty.*, 574 F.3d 334, 340 (6th Cir. 2009)]. All that matters is that the alleged illegal conduct stems from the caseworker's "capacity as a legal advocate," such as testifying in juvenile court. *Pittman*, 640 F.3d at 724.

*Id.* at 911 (emphasis added).

Plaintiff's procedural due process claim unquestionably involve defendant Moore's "capacity as a legal advocate." *Id.* (quoting *Pittman*, 640 F.3d at 724). Plaintiff alleges that defendant Moore gave false testimony to the juvenile court for the purpose of obtaining

10

protective custody over her children.   Defendant Moore is shielded by quasi-prosecutorial immunity from plaintiff's Fourteenth Amendment procedural due process claim, and as discussed above, defendant Moore cannot be held liable for any substantive due process claim based on the Adams County juvenile court's decision granting Adams County Children's Services temporary custody of plaintiff's children.

Finally, plaintiff's complaint fails to state a claim for relief under the Fourth Amendment. The Fourth Amendment protects against warrantless searches of a home, including those performed by social workers.  *See Andrews v. Hickman Cnty., Tenn.*, 700 F.3d 845, 859 (6th Cir. 2012).   "The removal of a child from his custodial parents' home is a seizure for Fourth Amendment purposes, which is constitutionally reasonable if it is pursuant to a court order, is supported by probable cause, or is justified by exigent circumstances."  *Krantz v. City of Toledo Police Dep't*, 197 F. App'x 446, 453 (6th Cir. 2006) (citing *Brokaw v. Mercer County*, 235 F.3d 1000, 1010 (7th Cir. 2000); *O'Donnell v. Brown*, 335 F. Supp. 2d 787, 806-07 (W.D. Mich. 2004)).   In this case, by plaintiff's own admission and attachments to the complaint, the search of her home and seizure of her children were done pursuant to a juvenile court order based on probable cause.   (Doc. 1 at PAGEID 8-10).

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction, and plaintiff has failed to state a claim upon which relief may be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/29/2022

Karen L. Litkovitz
United States Magistrate Judge

12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAWN CHAPPEL,                                    Case No. 1:22-cv-747
      Plaintiff,

                              Dlott, J.

      vs.                                      Litkovitz, M.J.

ADAMS COUNTY CHILDREN'S
SERVICES, et al.,
      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).