IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mary E. Francis, | : | |
| | : | Case No. 1:22-cv-743 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting the Order and Report and |
| Captain Damon Roberts, *et al.*, | : | Recommendation |
| | : | |
| Defendants. | : | |

Plaintiff Mary E. Francis filed this *pro se* action against Defendants Captain Damon Roberts, the Scioto County Jail, and the State of Ohio purporting to assert claims for violations of her civil rights when she was being detained at the Scioto County Jail.  (Doc. 11.)  Pending before the Court is the Order and Report and Recommendation ("Order and R&R") issued by Magistrate Judge Chelsey M. Vascura on February 21, 2013.  (Doc. 12.)  The Magistrate Judge recommended that the initial Complaint be dismissed for failure to state a claim upon which relief can be granted, but she also recommended that Plaintiff Francis be granted fourteen days to amend her Complaint to identify the Scioto County Jail employees who allegedly denied her medical care with respect to her gunshot wound.  (*Id.* at PageID 87.)  In response, Plaintiff Francis mailed a letter to the Court that Court will treat as Objections to the Order and R&R. (Doc. 16.)  For the reasons that follow, the Court will **OVERRULE** the Objections and **ADOPT** the Order and R&R.

I.      **BACKGROUND**

A.      **Factual Allegations in the Complaint**

On July 30, 2022, Plaintiff Francis was arrested and incarcerated at the Scioto County Jail.  (Doc. 11 at PageID 70.)  At the time of her arrest, Plaintiff Francis was suffering from a

gunshot wound and related burns on her abdomen.  (*Id.*)  Although the Complaint allegations are not detailed, it appears that Plaintiff requested medical care for the gunshot wound, but her requests were denied.  (*Id.*)  As result, the gunshot wound became "severely infected."  (*Id.*) Plaintiff Francis indicates that she did not receive treatment for this severe infection until August 29, 2022 when she was released and sought treatment at the Southern Ohio Medical Center ("SOMC").  (*Id.*)

In September 2022, after obtaining treatment at SOMC for the gunshot wound infection, Plaintiff Francis contracted COVID-19.  (*Id.*)  She was re-arrested while still under quarantine. (*Id.* at PageID 72.)  She developed pneumonia as a complication of the COVID-19 infection. (*Id.* at PageID 71.)  Plaintiff Francis alleges that she was denied access to a physician to treat her COVID-19 infection and pneumonia, which she maintains was in violation of her "right to have a medical doctor evaluate [her] health."  (*Id.* at PageID 71–72.)  Plaintiff Francis acknowledges, however, that she was given aspirin, underwent a chest x-ray, and was prescribed an inhaler, steroids, and antibiotics.  (*Id.* at PageID 71.)

**B.      Procedural History**

Plaintiff Francis filed her *pro se* Complaint on December 12, 2022.  (*Id.* at PageID 66, 69.)  She alleges that Defendants were deliberately indifferent to her serious medical needs in violation of the Constitution when they failed to treat her gunshot wound and failed to provide her with a doctor's examination for her complications from COVID-19.  (*Id.* at PageID 70–72.)

The Magistrate Judge issued an Order and R&R on February 21, 2023 after completing a *sua sponte* review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) to determine if the suit was frivolous, failed to state a claim for relief, or was filed against a defendant who is immune from suit.  (Doc. 12.)  She concluded that Plaintiff Francis's official

capacity claims against Captain Roberts and the Scioto County Jail failed because she did not plead facts suggesting an official policy or custom of Scioto County caused the alleged violation of her constitutional rights. (*Id.* at 82–83.) She also concluded that Plaintiff Francis's individual capacity claims against Captain Roberts failed because she did not plead facts from which the Court could infer that he was personally involved in the alleged violation of her rights. (*Id.* at PageID 84.) Finally, she concluded that Plaintiff Francis's claims against the State of Ohio was barred by the Eleventh Amendment. (*Id.* at PageID 84–85.) For these reasons, she recommended that the Complaint as written be dismissed. (*Id.* at PageID 86.)

Additionally, however, the Magistrate Judge recognized that Plaintiff Francis had alleged sufficient facts that unnamed Scioto County Jail employees had denied her medical care for "such a serious and obvious condition as a gunshot wound" to "sufficiently state an individual-capacity medical indifference claim." (*Id.*) She recommended that the Court allow Plaintiff Francis the opportunity to amend her Complaint to identify which specific Scioto County Jail employees denied her requests for medical care for her gunshot wound, what specific actions those individuals took or failed to take, and how those actions caused her further injury. (*Id.* at PageID 86–87.) Conversely, the Magistrate Judge concluded that Plaintiff Francis did not plausibly state claims for relief against Scioto County Jail employees arising from their treatment of her COVID-19 infection. (*Id.* at PageID 87.)

Plaintiff Francis responded to the Order and R&R by filing Objections in which she expanded upon her Complaint allegations. (Doc. 16.)

## II.     STANDARD OF REVIEW

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been

referred to them.  Parties then have fourteen days to make, file, and serve specific written

objections to the report and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

If a party files objections to a report and recommendation on a dispositive matter, a district judge

must review it under the *de novo* standard.  *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir.

2003).[1]  "The district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P.

72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

## III.    ANALYSIS

Applying a de novo review, the Court will adopt the Order and R&R.  A pretrial

detainee's "constitutional right to be free from deliberate indifference to their serious medical

needs" arises under the Fourteenth Amendment.  *Howell v. NaphCare, Inc.*, — F.4th —, Nos.

21-4132/22-3306, 2023 WL 3163323, at *3 (6th Cir. May 1, 2023).[2]  To establish a claim for

deliberate indifference to medical needs, a pretrial detainee must prove "(1) that she had an

objectively serious medical need and (2) that each defendant acted deliberately and also

recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that

it should be known."  *Id.* at *4 (cleaned up).

In her Objections to the Order and R&R, Plaintiff Francis added new factual details to the

allegations in her Complaint.  A district court, however, only can consider the allegations in a

---

[1]  "[T]he district court need not provide *de novo* review where the objections are frivolous, conclusive or general."
*Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up).  Additionally, *de novo* review
applies only to matters involving disputed facts.  *Id.*

[2]  Plaintiff Francis alleges that she was arrested on July 30, 2022 and that she had suffered the gunshot wound at that
time. (Doc. 11 at PageID 70.)  The Ohio Department of Rehabilitation and Correction ("ODRC") lists her "effective
sentencing date" as February 16, 2023.  ODRC, *Offender Details*,
https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/W110703, (last visited 5/3/2023).  Accordingly,
Plaintiff Francis appears to have been a pretrial detainee at the Scioto County Jail in July and August 2022 when the
events underlying her claim occurred.

complaint when determining if a plaintiff has stated a claim upon which relief can be granted.

The Court agrees with the Magistrate Judge that dismissal of the COVID-19 treatment claim is

appropriate under the *Howell* deliberate indifference standard.  Plaintiff Francis admits she

received medical care for her infection, including a chest x-ray, an inhaler, steroids, and an

antibiotic.  (Doc. 11 at PageID 71.)  The care she received was not "so woefully inadequate so as

to amount to no treatment at all."  *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)

(citation omitted).  Mere negligence is not enough to support a deliberate indifference claim.

*Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 596 (6th Cir. 2021), *rehearing en banc denied*, 18 F.

4th 551 (6th Cir. 2021).

On the other hand, Plaintiff Francis alleges that she received no treatment at all for the

gunshot wound she suffered at or just before the time of her arrest.  (Doc. 11 at PageID 70.)

These allegations likely would be sufficient to state a claim against the officers and prison

officials who failed to secure treatment for her serious medical need under the *Howell* standard.

However, Plaintiff Francis has not stated a claim for relief against Captain Roberts, the Scioto

County Jail, or the State of Ohio for the reasons stated by the Magistrate Judge and summarized

above in the Procedural History.  Accordingly, the Court agrees with the Magistrate Judge that

Plaintiff Francis should be granted leave to file an amended complaint substituting as defendants

the officers and/or prison officials who failed to secure her medical care for her gunshot wound.

## IV.    CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Order and Report and

Recommendation (Doc. 12) and **OVERRULES** the Objections (Doc. 16).  The Court

**DISMISSES** the Complaint to the extent that Plaintiff Francis alleges that Defendants were

deliberately indifferent to her serious medical needs as to COVID-19 and related complications.

5

Additionally, the Court finds that Plaintiff Francis has failed to state a claim upon which relief can be granted against Captain Roberts, the Scioto County Jail, and the State of Ohio on her deliberate indifference claim regarding her gunshot wound.  However, the Court grants Plaintiff Francis twenty-eight days from the date of this Order to file an amended complaint substituting as defendants the officers and/or prison officials who failed to secure her medical care for her gunshot wound.  The amended complaint must include specific allegations identifying what action the newly-named defendants took or failed to take that caused her injuries.  Plaintiff Francis is instructed that the new pleading must be in the form of an amended complaint and not be a motion or letter to the Court.  If Plaintiff Francis fails to timely file an amended complaint as set forth herein, the Court will dismiss with prejudice this action in its entirety.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott

Susan J. Dlott
United States District Judge