# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DAWN CHAPPEL, <br>     Plaintiff, <br><br> vs. <br><br> ADAMS COUNTY CHILDREN'S <br> SERVICES, et al., <br>     Defendants. | Case No. 1:22-cv-747 <br> Dlott, J. <br> Litkovitz, M.J. <br><br><br> **ORDER AND REPORT AND** <br> **RECOMMENDATION** |

      As explained in previous Orders (*see* Docs. 42, 55), this matter has been remanded to the Court by the Sixth Circuit (*see* Doc. 21) to proceed on certain of plaintiff's claims. Accordingly, defendant Ashlee Moore and Sonya Meyer[1] filed an answer to plaintiff's amended complaint. (Doc. 24).[2] Plaintiff filed a response to that answer. (Doc. 26). This matter is before the Court on defendant Moore's motion to strike that response. (Doc. 29). Plaintiff did not respond to defendant Moore's motion.

      Rule 12(f) provides that on motion made by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). The Court did not order plaintiff to respond to defendant's answer. Under such circumstances, "[t]here is no question that a response to an answer is an unauthorized pleading." *Jones v. Warden Ross Corr. Inst.*, No. 2:11-cv-871, 2012 WL 3245521, at *1 (S.D. Ohio Aug. 9, 2012) (striking response to answer and quoting Fed. R. Civ. P. 7(a) ("Only these pleadings are authorized . . . (7) if the court orders one, a reply to an answer")). Accordingly, to the extent plaintiff's filing (Doc. 26) is a response to defendant Moore's answer, it is **STRICKEN**.

---

[1] No claims remain against Ms. Meyer. (*See* Doc. 42 at PAGEID 929).
[2] Defendant Moore refiled her answer for clarity (*see* Doc. 46) after this Court confirmed that plaintiff's amended complaint was the operative complaint and entered it on the docket as a separate document (*see* Docs. 42, 43).

Plaintiff also appended a request for injunctive relief to her response to defendant Moore's Answer. In particular, she asks the Court to prevent the enforcement of a state court eviction order and allow her to return to the property located at 211 Sunshine Ave, Winchester, Ohio 45693. (*See* Doc. 26 at PAGEID 615-19). This appears related to plaintiff's claim for retaliation under the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq*. (*See* Doc. 42 at PAGEID 930).

Defendant Moore raises a number of issues with the injunctive relief requested (*see* Doc. 29 at PAGEID 724)—one of which, the *Rooker-Feldman* doctrine, is dispositive.[3] The *Rooker-Feldman* doctrine implicates the subject matter jurisdiction of this Court to consider plaintiff's claims. *See Durham v. Haslam*, 528 F. App'x 559, 565 (6th Cir. 2013) ("[T]he *Rooker-Feldman* doctrine concerns the subject-matter jurisdiction of the district court . . . and 'federal courts have a duty to consider their subject matter jurisdiction in regard to every case. . . .'") (citing *In re Squire*, 617 F.3d 461, 465 (6th Cir. 2010) and quoting *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)).

The *Rooker-Feldman* doctrine "precludes 'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments.'" *Skyway Inv. Corp. v. Tushman*, 541 F. App'x 536, 538 (6th Cir. 2013) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The doctrine is "confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quoting *Exxon Mobil Corp. v. Saudi*

---

[3] *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983) ("[T]he United States District Court is without authority to review final determinations of [state courts] in judicial proceedings."); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original.").

*Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Subject matter jurisdiction is lacking under the *Rooker-Feldman* doctrine if: (1) the plaintiff is "the losing party in state court," *id.* (quoting *Skinner v. Switzer*, 562 U.S. 521, 531 (2011)); (2) the plaintiff is asking the district court to "'review and reject [ ]' those judgments, which were 'rendered before the district court proceedings commenced,'" *id.* (quoting *Exxon Mobil Corp.*, 544 U.S. at 284); and (3) the plaintiff's "injuries were 'caused[ ]' by the state-court judgment at issue." *Id.* (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). "The pertinent inquiry . . . is whether the 'source of the injury' upon which [the] plaintiff bases his federal claim is the state court judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment." *Id.* (alteration in original) (quoting *Kovacic v. Cuyahoga Cnty. Dep't of Child. and Fam. Servs.*, 606 F.3d 301, 309 (6th Cir. 2010)) (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)).

As reflected in attachments to plaintiff's request for injunctive relief, the County Court for Adams County, Ohio entered a judgment of eviction against plaintiff and Eric McKenzie, Sr. on July 31, 2024. (*See* Doc. 26 at PAGEID 620). Ohio's Fourth District Court of Appeals then dismissed plaintiff's appeal as moot. (*Id.* at PAGEID 662-63). As such, the injunctive relief plaintiff requests is plainly beyond the subject matter jurisdiction of this Court. *See Lawrence v. Welch*, 531 F.3d 364, 371 (6th Cir. 2008) ("[C]laims seeking injunctive relief are barred by *Rooker-Feldman* if they necessarily require the federal court to determine that a state court judgment was erroneously entered").

Even if it were not, however, plaintiff would still not be entitled to the injunctive relief requested. The Court is to consider the following factors when considering injunctive relief:

3

    1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

    2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

    3. Whether an injunction will cause others to suffer substantial harm; and

    4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). As the undersigned explained in its recent Report and Recommendation concerning plaintiff's other requests for injunctive relief (*see* Doc. 55 at PAGEID 1174-75), plaintiff is not likely to succeed on the merits of her FHA retaliation claim. In addition, the relief plaintiff requests is inconsistent with the purpose of a preliminary injunction. Plaintiff was evicted from the Sunshine Avenue property on August 12, 2024. (*See* Doc. 26 at PAGEID 620). Thus, granting such relief would provide affirmative relief inconsistent with the status quo. *See S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)) ("The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits.").

**IT IS THEREFORE ORDERED THAT:**

1. To the extent plaintiff's filing (Doc. 26) is a response to defendant Moore's Answer, it is **STRICKEN**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. To the extent plaintiff's response (Doc. 26) also seeks injunctive relief, that request be

4

**DENIED**.

.

Date: 2/26/2025

_____
Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DAWN CHAPPEL,<br>　　Plaintiff, | Case No. 1:22-cv-747<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| ADAMS COUNTY CHILDREN'S<br>SERVICES, et al.,<br>　　Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).