IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Dawn M. Chappel, | : | Case No. 1:22-cv-747 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Adopting February 5, 2025 Order |
| | : | and Report and Recommendation (Doc. |
| Adams County Children's Services, *et al.*, | : | 55) and February 26, 2025 Order and |
| | : | Report and Recommendation (Doc. 58) |
| | : | |
| Defendants. | | |

This matter is before the Court on the February 5, 2025 Order and Report and Recommendation ("February 5, 2025 Order and R&R") (Doc. 55) and February 26, 2025 Order and Report and Recommendation ("February 26, 2025 Order and R&R") (Doc. 58). Chappel filed a document labeled "RE: Objection to denial of preliminary injunction" ("Objection") on March 17, 2025. (Doc. 62.) For the reasons that follow, the Court will **ADOPT** both the February 5, 2025 Order and R&R (Doc. 55) and February 26, 2025 Order and R&R (Doc. 58).

**I.    BACKGROUND**

Plaintiff Dawn Chappel, proceeding *in forma pauperis*, filed a *pro se* civil rights Complaint on December 14, 2022. (Doc. 1.) The Court dismissed Chappel's lawsuit, but the Sixth Circuit Court of Appeals reversed and remanded in part. (Docs. 18, 21.)

Pursuant to the remand, the Magistrate Judge issued an Order summarizing the remaining claims and parties in this lawsuit as:

> a. Fourteenth Amendment substantive due process claim against Defendant Ashlee Moore based on the deprivation of Plaintiff's parental rights between November 14 and November 23, 2022.
> b. Fourteenth Amendment procedural due process claim against Defendant Moore based on the November 14, 2022 removal of Plaintiff's children from her home.
> c. Fourth Amendment claim against Defendant Moore based on the November 14,

1

> 2022 search of Plaintiff's home, seizure of her children, and drug testing.
> d. Retaliation based on the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.* and its corresponding regulation against Defendants Moore, Donnie Edgington (Chief of the Winchester Police Department), and Sharon Anderson (with Adams County Housing Authority). *See* 42 U.S.C. § 3617; 24 C.F.R. § 100.400(c)(5).

(Doc. 42 at PageID 930.) No claims remain against Adams County Child Services Agency ("ACCS") or Sonya Meyer (Supervisor of ACCS), who was proposed as a defendant in Plaintiff's Amended Complaint. (*Id.* at PageID 929–30.)

On November 18, 2024, Plaintiff filed a Response to the Answer filed by Moore and Meyer without leave of Court and attached a Motion for Preliminary Injunction to her Response. (Doc. 26.) On November 27, 2024, Defendants Moore and Sonya Meyer moved to strike that filing. (Doc. 29.) On December 10, 2024, Chappel filed a Motion for Preliminary Injunction (Doc. 34), Motion for a Protection Order (Doc 35), and Motion for Forensic Analysis of Documents. (Doc. 37.)

On February 5, 2025, the Magistrate Judge issued an Order and R&R ordering Plaintiff's Motion for Forensic Analysis of Documents be denied and recommending Plaintiff's Motion for Preliminary Injunction and Motion for a Protection Order be denied. (Doc. 55.) On February 26, 2025, the Magistrate issued an Order and R&R ordering Plaintiff's Response to Moore's Answer be stricken and recommending that Plaintiff's request for injunctive relief attached to Response to the Answer be denied. (Doc. 58.) On March 17, 2025, Chappel filed an Objection. (Doc. 62.) For the reasons that follow, the Court will **ADOPT** the Magistrate Judge's February 5, 2025 Order and R&R (Doc. 55) and February 26, 2025 Order and R&R. (Doc. 58.)

## II.    STANDARD OF LAW

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have

2

been referred to them. Parties then have fourteen days to file and serve specific written objections to the report and recommendations. 18 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review the objections under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

Title 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure authorize magistrate judges to decide nondispositive matters which have been referred to them. If a party timely files objections to a magistrate judge's decision on a nondispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to a magistrate judge's findings of fact and the contrary to law standard to her conclusions of law. *See Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, No. 92-3304, 1994 WL 83265 (6th Cir. Mar. 14, 1994). "A finding is clearly erroneous where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made." *Galbraith v. N. Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991), *overruled on other grounds*, *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 343 (6th Cir. 1997); *see also Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (same). A decision is contrary to law if the magistrate judge has ignored or misapplied the applicable law found in the Constitution, statutes, or case precedent. *See Gandee*, 785 F. Supp. at 686; *Hood*, 2001 WL 327723, at *2.

"A party's objection should be specific, identify the issues of contention, and 'be clear enough to enable the district court to discern those issues that are dispositive and contentious.'" *Chapple v. Franklin Cnty. Sheriff's Officers FCCC 1 & 2*, No. 2:21-cv-05086, 2022 WL 16734656, at *2 (S.D. Ohio Nov. 7, 2022) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "When a pleader fails to raise specific issues, the district court will consider this to be 'a general objection to the entirety of the magistrate report[, which] has the same effects as would a failure to object.'" *Id*. (quoting *Howard v. Sec'y of Health & Hum. Servs*., 932 F.2d 505, 509 (6th Cir. 1991)).

### III. ANALYSIS

#### A. Plaintiff's Objection

This matter is before the Court on Plaintiff's Objection. (Doc. 62.) The Objection is general and does not specify to which Order and R&R it serves as an objection. To the extent it was intended as an objection to the Magistrate Judge's February 5, 2025 Order and R&R, it is untimely. (*See* Doc. 55.) Although Plaintiff is proceeding *pro se*, she is required to adhere to Court deadlines and local rules, standing orders, and the Federal Rules of Civil Procedure regarding court filings. "Plaintiff's status as a *pro se* litigant does not discharge [her] from adhering to the requirements of the Federal Rules of Civil Procedure." *Rolle v. Kimbler*, No. 2:20-CV-35, 2020 WL 5016801, at *3 (S.D. Ohio Aug. 25, 2020) (quoting *Longino v. City of Cincinnati*, No. 1:12-cv-424, 2013 WL 831738, at *2 (S.D. Ohio Mar. 6, 2013)). "[A] *pro se* litigant is nevertheless bound by court deadlines." *Bigi v. Brown,* No. 3:14-CV-282, 2014 WL 7228808, at *1 (S.D. Ohio Dec. 16, 2014) (citing *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991)).

Plaintiff was given Notice, pursuant to Fed. R. Civ. P. 72(b), that she may serve and file

4

specific written objections to proposed findings and recommendations within fourteen days after being served a copy of each of the Magistrate Judge's Orders and R&Rs. (Doc. 55 at PageID 1181; Doc. 58 at PageID 1207.) The Court may extend the time period to object upon Plaintiff's filing of a timely motion for an extension, but no such motion was filed here. Thus, Plaintiff's Objection filed forty days after the Magistrate Judge's February 5, 2025 Order and R&R is untimely.

Although the Objection is timely as to the February 26, 2025 Order and R&R (Doc. 58), it amounts to no more than a general objection when evaluated on the merits.[1] Plaintiff does not identify specific issues of contention from the February 26, 2025 Order and R&R to allow the Court to address the dispositive issues. Rather, Plaintiff appears to be rearguing the grounds for a preliminary injunction on the bases considered and rejected in the February 5, 2025 Order and R&R and, again, in the February 26, 2025 Order and R&R. The filing of these non-specific, repetitive, and general objections that fail to identify the specific law or finding by the Magistrate Judge "does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002); *Franklin v. UC Drake Hosp.,* No. 1:24-CV-611, 2024 WL 5090042, at *2 (S.D. Ohio Dec. 12, 2024) (finding vague objections amounted to general objections; adopting the Report and Recommendation in its entirety); *Chapple*, 2022 WL 16734656, at *2 (failure to specify objections is the equivalent of failure to object). Plaintiff's failure to identify specific objections is grounds to adopt the Magistrate Judge's February 26, 2025 Order and R&R in its entirety.

### B. February 5, 2025 Order and R&R (Doc. 55)

Plaintiff failed to timely object to the Magistrate Judge's February 5, 2025 Order and

---

[1] *See* Fed. R. Civ. P. 6(d) (three days added for service by mail). The Court applies a three-day period to the front and back end of service by mail. However, effective March 17, 2025, Plaintiff has obtained electronic filing access, so service by mail will no longer be an issue.

R&R, in which the Magistrate Judge ordered that Plaintiff's Motion for Forensic Analysis of Documents be denied[2] and recommended that Plaintiff's Motion for a Preliminary Injunction and Motion for a Protection Order be denied.

Plaintiff's Motions were well-summarized by the Magistrate Judge, and the Court relies upon those summaries within this Order. In her Motion for Preliminary Injunction, Plaintiff seeks the following relief from "Defendants":

1) Cease all improper drug testing practices immediately on the Plaintiff's family and ensure full compliance with Ohio Revised Code § 4123.54.
2) Refrain from canceling visits between Plaintiff and her children.
3) Document all communications, decisions, and actions related to Plaintiff's case for court review.
4) Provide Plaintiff with a meaningful opportunity to present evidence at all future hearings related to custody or case plan compliance.
5) Comply fully with all applicable state and federal laws governing child welfare procedures.

(Doc. 34 at PageID 756.) In a separate caption to that filing labeled a "Reply to Defendant's Opposition to Injunction," Plaintiff seeks injunctive relief tied to her FHA retaliation claim. (*Id*. at PageID 758–60.) She asserts that "defendants" engaged in prohibited discriminatory housing practices under the FHA "though a systemic campaign of making housing unavailable, retaliatory eviction, harassment, and imposing disparate terms for housing services." (*Id*. at PageID 758–59.) She claims that Defendant Anderson committed federal housing regulation violations and worked with Defendant Moore to interfere with her housing. (*Id.*) She alleges she has an improper $8,000.00 debt to the United States Department of Housing and Urban Development ("HUD"), which is causing her to miss Section 8 housing opportunities and has negatively impacted her ongoing juvenile court proceedings. (*Id*.) She seeks an injunction requiring "Defendants" to:

---

[2] As Plaintiff failed to object to the Magistrate Judge's Order that Plaintiff's Motion for Forensic Analysis of Documents be denied, the Court **ADOPTS** the Order.

6

1) Cease reporting any alleged debt to HUD or credit agencies pending full review of the improper recertification and rent calculations.
2) Provide corrected documentation to all housing authorities and assistance programs confirming that the eviction resulted from procedural violations rather than tenant fault.
3) Release all photographic evidence, communications between agencies, and documentation related to the coordinated actions between housing authorities and children's services. A detailed accounting of all rent calculations, credits, and charges from February 2021 forward must be submitted, with specific documentation of how the alleged $8,000 debt was determined without proper annual recertification.
4) Be prohibited from using the improper eviction or alleged debt as grounds to deny future housing assistance applications and mandate written confirmation to any requesting housing authority that this eviction resulted from the housing authority's failure to follow HUD regulations rather than tenant fault.

(*See id.* at PageID 759–60) (summarized).

In her Motion for a "Protection Order," Plaintiff asks the Court to "prevent further violations of her constitutional rights by Defendants Adams County Children's Services (ACCS), Ashlee Moore, Sonya Meyer, and other agents or employees acting on behalf of ACCS." (Doc. 35 at PageID 844.) As the Magistrate Judge noted, Chappel asserts "nearly identical alleged factual background and seeks identical relief" as asserted in her Motion for Preliminary Injunction. (Doc. 55 at PageID 1176; *compare* Doc. 34 at PageID 749–56 *with* Doc. 35 at PageID 844–52.) Defendant Moore responded in opposition, and Plaintiff replied. (Docs. 42, 52.)

The Magistrate Judge recommended that Plaintiff's request for preliminary injunction and for a "protection order" be denied and ordered that Plaintiff's request for forensic analysis be denied. (Doc. 55 at 1179–80.) The Magistrate Judge applied the applicable four-part balancing test used to evaluate requests for preliminary injunctions. *See Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689–90 (6th Cir. 2014). Specifically, the Court must balance the following factors: (1) whether the plaintiff has established a substantial likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable injury if a preliminary injunction did not issue;

(3) whether an injunction will cause others to suffer substantial harm; and (4) whether the public interest would be served by granting the requested preliminary injunction. *Id*. The purpose of a preliminary injunction is "to preserve the status quo until a trial on the merits." *S. Glazer's Distrbs. Of Ohio, LLC v. Great Lakes Brewing Co*., 860 F.3d 844, 848–49 (6th Cir. 2017) (citing (*Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).

The Magistrate Judge determined that injunctive relief tied to non-parties, including dismissed party ACCS and non-defendant Meyer, should be denied, as neither are represented by or subject to Defendant Moore's control. A Court may not typically enjoin non-parties, and no basis for privity exists. *See, e.g., Beasley v. Westbrooks*, No. 3:16-cv-03010, 2018 WL 272682, at *7 (M.D. Tenn. Jan. 3, 2018); *see also* Fed. R. Civ. P. 65(d)(2)(c); *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 14 (1945).

The Magistrate Judge also determined that Plaintiff has not tied the injunctive relief requested to conduct asserted in her Complaint, as the Fourth and Fourteenth Amendment claims relate to temporary removal of her children and searches and seizures related to that timeframe (between November 14–23, 2022). (Doc. 55 at PageID 1173.) Plaintiff cannot redress temporary loss of custody underpinning her remaining constitutional claims through the relief requested. (*Id*.) Thus, the request for preliminary injunction against Moore fails on this "threshold consideration." (*Id*. at PageID 1174.)

As to the request for injunctive relief tied to her FHA claim, the Magistrate Judge found Plaintiff does not have a strong likelihood of success on the merits. (*Id*. at PageID 1175.) Under the FHA, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed … any right granted or protected by . . . [§] 3604 . . . of this title." 42 U.S.C. § 3617. "In this Circuit, a plaintiff is

8

required to demonstrate 'discriminatory animus' to prevail on an interference claim under the [FHA]." *Kooman v. Boulder Bluff Condos.*, 833 F. App'x 623, 630–31 (6th Cir. 2020) (quoting *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 212)) (internal quotation omitted). The Magistrate Judge correctly determined that Plaintiff's claim alludes to unequal treatment related to her status as a recovering drug addict, but she presents no evidence to support the assertion, and speculation regarding Anderson's motivation is insufficient to establish a substantial likelihood of success on the FHA retaliation claim. (*Id*. at PageID 1176.) Further, preliminary injunction is not warranted as it would not preserve the status quo until trial on the merits as her proposed remedy is more than the status quo. (*Id*.) Plaintiff's separate request for a "protection order" is based upon the same facts and arguments, and the Magistrate Judge recommended denying the request on the same bases as her request for preliminary injunction. (*Id*.)

The Undersigned has thoroughly reviewed the Magistrate Judge's analysis in her February 5, 2025 Order and R&R and finds it to be well-reasoned and that it correctly applies the applicable law. Agreeing with her conclusions, and with no objections having been filed, the Court hereby **ADOPTS** the February 5, 2025 Order and R&R. *See Franklin*, 2024 WL 5090042, at \*2 (adopting report and recommendation where no specific objections were filed).

### C. February 26, 2025 Order and R&R (Doc. 58)

Plaintiff timely objects to the February 26, 2025 Order and R&R, which ordered that Defendant's Moore Motion to Strike (Doc. 29) be granted pursuant to Rule 12(f)(2), as the Court did not order Plaintiff to respond to Defendant's Answer, and it was therefore an unauthorized pleading. (Doc. 58.) The Magistrate Judge also acknowledged that Plaintiff appended a request for injunctive relief to her response to Defendant Moore's Answer, asking the Court to prevent

9

the enforcement of a state court eviction order and allow her to return to property located at 211 Sunshine Ave., Winchester, Ohio 45693. (Doc. 26 at PageID 615–19.) The Magistrate Judge considered the request on the merits and recommended that it be denied. Although Plaintiff filed an Objection (Doc. 62), it fails to specify to what specific part of the February 26, 2025 Order and R&R she objects. *See Franklin*, 2024 WL 5090042, at *2 (adopting report and recommendation where no specific objections were filed). The Court can deny the Objection and adopt the Order and R&R on that basis alone. The same results follow if the Court examines the merits. For the reasons that follow, the February 26, 2025 Order and R&R (Doc. 58) will be **ADOPTED**.

Considered on the merits, the Court finds the Magistrate Judge's February 26, 2025 Order and R&R should be adopted. The Magistrate Judge properly ordered the Motion to Strike be granted. Plaintiff is bound by the applicable Court deadlines and rules regarding filing despite her *pro se* status. *See Rolle,* 2020 WL 5016801, at *3. Plaintiff, like all litigants, must follow the Federal Rules of Civil Procedure, the Southern District of Ohio Local Rules, and Magistrate Judge Litkovtiz's Standing Order on Civil Procedures regarding motions, including length of motions and Court deadlines. In addition to filing an unauthorized Response to an Answer, she also appended an improper request for injunctive relief to that pleading and frequently files pleadings well over the page limitations. **Plaintiff is given notice that failure to comply with the policies and rules of the Court will result in pleadings being struck from the docket and could lead to sanctions.**

In the improper request for injunctive relief, Plaintiff asked the Court to prevent the enforcement of a state court eviction order and allow her to return to property located at 211 Sunshine Ave., Winchester, Ohio 45693. (Doc. 26 at PageID 615–19.) This request for

injunctive relief should have been a separate pleading. The Magistrate Judge nonetheless considered the request on the merits. For the reasons that follow, the Court agrees that the request for injunctive relief tied to Plaintiff's retaliation claim under the FHA be denied.

Plaintiff's request for injunctive relief appears connected to Plaintiff's claim for retaliation under the FHA. (Doc. 58 at PageID 1203.) As such, the Magistrate Judge determined that the *Rooker-Feldman*[3] doctrine is dispositive of the relief requested, as it precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments. The *Rooker-Feldman* doctrine "is a narrow rule based on the idea that federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts." *Durham v. Haslam*, 528 F. App'x 559, 563 (6th Cir. 2013). The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005). However, it does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id*. at 293. To determine whether the *Rooker-Feldman* doctrine bars a claim, the court must first look to the source of the injury the plaintiff alleges in the federal complaint. *Cunningham v. Dep't of Children's Servs.*, 842 F. App'x 959, 963 (6th Cir. 2021). If the source of the injury claimed is the state-court judgment, *Rooker-Feldman* applies and the Court lacks jurisdiction. *Id*. The source of the injury is determined by the requested relief. *Id*.

Attached to Plaintiff's request for injunctive relief is a judgment of eviction entered by Judge Roy E. Gabbert, Jr. of the Adams County, Ohio Court in the case of *Adams Metropolitan*

---

[3] *See Durham v. Haslam*, 528 F. App'x 559, 563–565 (6th Cir. 2013) (citing *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 476 (1983) (citing 28 U.S.C. § 1257; *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415, 416 (1923)).

11

*Housing Authority v. Eric McKenzie, Sr. and Dawn Chappel* (Case No. CVG-2400-327) on July 31, 2024. (Doc. 26 at PageID 620.) Judge Gabbert ordered Chappel and McKenzie to vacate the Adams County premises by Monday, August 12, 2024 at 10:30 a.m. (*Id.*) Plaintiff also attached a ruling by the Fourth District Court of Appeals of Ohio dismissing her appeal of that eviction judgment. (*Id.* at PageID 662–63.)

The Magistrate Judge concluded, and the Undersigned agrees, that Plaintiff's request to prevent enforcement of her Adams County eviction order and permit her to return to her former rental property is, as the Magistrate Judge found, "plainly beyond the subject matter jurisdiction of this Court." (Doc. 58 at PageID 1204.) This is so because Plaintiff is seeking injunctive relief which would "necessarily require the federal court to determine that a state court judgment was erroneously entered." *Lawrence v. Welch*, 531 F.3d 364, 371 (6th Cir. 2008).

The Undersigned also agrees with the Magistrate Judge's alternate finding that even if the *Rooker-Feldman* doctrine did not apply, Plaintiff should still not be entitled to injunctive relief upon consideration of the four balancing factors set forth in *Liberty Coins*.[4] 748 F.3d at 689–90. Here, and as previously evaluated in the Magistrate Judge's February 5, 2025 Order and R&R, Plaintiff is not likely to succeed on the merits of her FHA retaliation claim. Additionally, as she was evicted on August 12, 2024, granting the requested relief would provide affirmative relief inconsistent with the status quo and is inappropriate for preliminary injunction. The purpose of a preliminary injunction is "to preserve the status quo until a trial on the merits." *S. Glazer's Distrbs. Of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848–49 (6th Cir. 2017) (citing (*Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).

---

[4] Specifically, the Court must balance the following factors: (1) whether the plaintiff has established a substantial likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable injury if a preliminary injunction did not issue; (3) whether an injunction will cause others to suffer substantial harm; and (4) whether the public interest would be served by granting the requested preliminary injunction. *Id.*

12

For these reasons, the Court **ADOPTS** the Magistrate Judge's February 26, 2025 Order and R&R (Doc. 58).

## IV. CONCLUSION

For the reasons stated above, the Court **ADOPTS** both the February 5, 2025 Order and R&R (Doc. 55) and the February 26, 2025 Order and R&R (Doc. 58). **Plaintiff is given notice that failure to comply with the policies and rules of the Court will result in pleadings being struck from the docket and could lead to sanctions.**

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge